IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER SCHNEIDER,

    Petitioner,                   No. 2:10-cv-1869 GEB KJN P

    vs.

GARY SWARTHOUT, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2005 decision of the Board of Parole Hearings denying petitioner parole.[1] Presently pending is respondent's motion to dismiss, on the ground that the petition was filed beyond the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons that follow, this court recommends that the motion to dismiss be granted.

        Petitioner has not filed an opposition to respondent's motion, despite being accorded ample guidance and opportunity. When, on September 10, 2010, the court ordered that the petition be served on respondent, it informed petitioner that his "opposition or statement of

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

1

non-opposition to [and] motion shall be filed and served within twenty-eight days after service of the motion . . . ." (Dkt. No. 6 at 2.)  After the motion to dismiss was filed on December 8, 2010, petitioner sought and obtained two lengthy extensions of time, up to and including May 6, 2011, within which to respond.  (Dkt. Nos. 20, 22.)  On May 20, 2011, more than five months after respondent filed the motion to dismiss, the court issued an order to show cause directing petitioner as follows:

> Good cause appearing, IT IS HEREBY ORDERED that petitioner show cause, within fourteen days, why his failure to oppose respondent's December 8, 2010 motion to dismiss should not be deemed a waiver of any opposition to the granting of the motion, and shall file an opposition to the motion to dismiss.  Failure of petitioner to timely respond to this order, or to file an opposition to the pending motion to dismiss, will be construed as abandonment of this action and result in a recommendation that this action be dismissed.

(Dkt. No. 23 at 2.)[2]  The fourteen-day deadline for petitioner's response was June 3, 2011.  In a belated response (signed June 7, 2011, filed June 9, 2011), petitioner concedes, "I can't show any cause why you shouldn't dismiss my case."  (Dkt. No. 24 at 1.)  Petitioner recounts his several transfers among correctional institutions, rendering futile his dependence on "jail house lawyers," and states that, unless the court appoints counsel, petitioner is unable to substantively respond to the pending motion.

        The court denied petitioner's previous request for appointment of counsel.  (Dkt. No. 22.)  In so doing, the court noted that petitioner has only a fourth grade education, has been diagnosed with schizophrenia and early-stage Parkinson's disease, and has acquired skills only in shoe repair, a program since discontinued in the prisons.  However, the court found that appointment of counsel would not be materially helpful in opposing the motion to dismiss

---

[2] See Local Rule 230(l) ("Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."); see also Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.")

because premised on the statute of limitations. Because the court's consideration of the motion would depend on the filing dates of the actions that petitioner had already filed in the state courts, the court instructed petitioner, in his opposition, that he need only "attach (or simply identify and refer to the documents attached to respondent's motion to dismiss (see attachments to Dkt. No. 18) all of his state court petitions and appeals that underlie the instant federal habeas action." (Dkt. No. 22 at 2.) The court stated that if respondent's motion to dismiss was denied, it would consider petitioner's renewed motion for appointment of counsel.

   The court has now assessed the merits of respondent's motion, and finds that petitioner's petition for writ of habeas corpus was untimely filed.

   Petitioner was denied parole on August 22, 2005 (Dkt. No. 1 at 26-110 (Exh. A) (Hearing Transcript));[3] the decision became final on December 20, 2005 (id. at 109).

   On January 29, 2008, petitioner filed a petition for a writ of habeas corpus in the San Francisco Superior Court. (Dkt. No. 18 (Exh. 1).) The superior court denied the petition on May 27, 2008. (Id. (Exh. 2); see also Dkt. No. 1 at 111-13 (Exh. B).)

   On July 8, 2008, Schneider filed a petition for a writ of habeas corpus in the California Court of Appeal. (Dkt. No. 18 (Exh. 3).) The petition was denied on August 6, 2008. (Id. (Exh. 4).)

   On January 23, 2009, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Dkt. No. 18 (Ex. 5).) On July 8, 2009, the petition was denied. (Id. (Exh. 6).)

   On July 13, 2010,[4] Schneider filed the instant action challenging the Board's

---

[3] Page references reflect the court's electronic pagination.

[4] Where appropriate, petitioner has been accorded the benefit of the "mailbox rule." See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (filing date is date of deposit in institution's internal mailing system); see also Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) ("[t]he mailbox rule applies to federal and state petitions alike"). Petitioner signed and dated his petition on July 13, 2010; the petition was filed in this court on

1   August 22, 2005 decision denying him parole.  (Dkt. No. 1.)

2          Thus, petitioner filed his first state habeas petition on January 29, 2008, more than
3   two years after the challenged denial of parole became final on December 20, 2005.  State habeas
4   petitions filed after the one-year statute of limitations has expired do not revive the federal statute
5   of limitations and have no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
6   2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Therefore, petitioner's federal habeas
7   petition, filed in July 2009, is barred by AEDPA's statute of limitations.  28 U.S.C. §
8   2244(d)(1)(D).  The result would be the same even had petitioner (or appointed counsel) filed an
9   opposition to the motion to dismiss.

10         Accordingly, IT IS HEREBY RECOMMENDED that:
11         1.  Respondent's motion to dismiss (Dkt. No. 18) be granted; and
12         2.  Petitioner's application for a writ of habeas corpus be denied.
13         These findings and recommendations are submitted to the United States District
14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
15  twenty-one days after being served with these findings and recommendations, any party may file
16  written objections with the court and serve a copy on all parties.  Such a document should be
17  captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files
18  objections, he shall also address whether a certificate of appealability should issue and, if so, why
19  and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
20  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.
21  § 2253(c)(3).  Any response to objections shall be filed and served within fourteen days after
22  service of the objections.  The parties are advised that failure to file objections within the
23  ////
24  ////
25  _____
26  July 16, 2010.  (Dkt. No. 1 at 1, 118.)

4

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

schn1869.mtd.hc