1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9   ROGER SCHNEIDER,

10              Petitioner,                    No. 2:10-cv-1869 GEB KJN P

11          vs.

12   GARY SWARTHOUT, Warden,

13              Respondent.                    <u>ORDER</u>

14   _____/

15              Petitioner has filed an "opposition" and supporting "memorandum" (Dkt. Nos. 28,

16   29), following entry of judgment in this case on September 7, 2011 (Dkt. No. 27).  The court

17   construes petitioner's filings as a motion for relief from judgment pursuant to Federal Rule of

18   Civil Procedure 60(b)(6).  Rule 60(b)(6) applies in extraordinary circumstances, not otherwise

19   expressly addressed by Rule 60, based on "any other reason that justifies relief."  The purpose of

20   Rule 60(b)(6) is to "vest power in courts adequate to enable them to vacate judgment whenever

21   such action is appropriate to accomplish justice."  <u>Klapprott v. United States</u>, 335 U.S. 601,

22   614–15 (1949).  Thus, the Ninth Circuit Court of Appeals has applied the "extraordinary

23   circumstances" standard of relief under Rule 60(b)(6), not to permit "a second bite at the apple,"

24   but to avoid inequitable results and to accomplish justice.  <u>See</u> <u>In re Pacific Far East Lines, Inc.</u>,

25   889 F.2d 242, 250 (9th Cir. 1989).

26              In the present case, petitioner filed, on July 13, 2009, an application for writ of

1

1   habeas corpus challenging an August 2005 decision of the California Board of Parole Hearings

2   denying petitioner parole.  The court denied the petition on the ground that it was untimely filed

3   under the one-year statute of limitations established by the Antiterrorism and Effective Death

4   Penalty Act, 28 U.S.C. § 2244 (d)(1)(D).  (See Dkt. Nos. 18, 24; see also  Schneider v.

5   Swarthout, 2011 WL 2447989 (E.D. Cal. June 20, 2011).)  In his present filings, petitioner

6   recounts his difficulties in timely filing his federal habeas petition, and contends that the court's

7   failure to consider the merits of his petition will result in a fundamental miscarriage of justice.

8            The practical difficulties petitioner recounts were previously considered and

9   rejected by the court.  (See id. at *1; see also Dkt. Nos. 23, 24.)  Moreover, the court specifically

10  considered and rejected the notion that it would have ruled differently had the court granted

11  petitioner's request for appointment counsel.  (Id.)  Finally, the claims asserted in the petition --

12  that the denial of parole violated petitioner's rights under the Due Process and Ex Post Facto

13  Clauses, and pursuant to the Sixth Amendment -- have routinely been routinely found to be

14  nonmeritorious, particularly since the United States Supreme Court's ruling in Swarthout v.

15  Cooke, 562 U.S. ___, 131 S.Ct. 859 (2011).  See e.g. Wilson v. Walker, 2011 WL 572116, *2-*4

16  (E.D. Cal. Feb. 15, 2011) (Case No. 2:07-cv-2752 GEB EFB P).  The court finds, therefore, that

17  the denial of the instant petition on timeliness grounds did not result in a fundamental

18  miscarriage of justice.

19           Accordingly, IT IS HEREBY ORDERED that petitioner's motion for relief from

20  judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), as the court has construed

21  petitioner's post-judgment filings (Dkt. Nos. 28, 29), is DENIED.

22  Dated:  September 27, 2011

23

24  _____
    GARLAND E. BURRELL, JR.

25  United States District Judge

26

2